**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**DORA MOYA, Personal Representative of the Estate of Ernest Moya, and DORA MOYA, Individually**

**Plaintiff,**

**vs.** **NO.**

**UNITED STATES OF AMERICA,**
**FIRST CHOICE COMMUNITY HEALTHCARE, INC.,**
**ROBERT DEFELICE, Individually,**
**and DR. LETITIA CLIFFORD, Individually,**

**Defendants.**

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Dora Moya individually and as personal representative of the Estate of Ernest Moya ("Moya"), deceased, by counsel, Mitchel S. Burns, Tucker, Burns, Yoder & Hatfield Law Firm, and Jennifer Olson, Finch & Olson, P.A., for her Complaint against the Defendants, United States of America, First Choice Community Healthcare, Inc., Dr. Robert DeFelice, and Dr. Letitia Clifford, states as follows:

1. A portion of the claims herein are brought against the Defendant United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injury and death caused by the negligent or wrongful act or omission of Defendant Dr. Letitia Clifford while acting within the scope of her employment during her employment at Defendant First Choice Community Healthcare, Inc.

2. All claims herein that are not protected by the Federal Tort Claims Act are hereby brought against Defendant's First Choice Community Healthcare, Inc., Robert DeFelice in his individual capacity and Dr. Letitia Clifford in her individual capacity.

3. Plaintiff Moya has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

4. This suit has been timely filed, in that Plaintiff Moya timely served notice of his claim to the Department of Health and Human Services, Office of the General Counsel less than two years after the incident forming the basis of this suit. Plaintiff Moya is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Department of Health and Human Services' May 22, 2014 notice of "final determination of administrative tort claim." *Administrative Tort Claim Denial Letter attached as Exhibit 2.*

5. Immunity for the claims asserted by Plaintiff, individually and on behalf of the Estate of Ernest Moya, has been specifically been waived.

**PARTIES, JURISDICTION AND VENUE**

6. Plaintiff Ernest Moya ("Moya") is, and at all times relevant hereto was, a resident of Bernalillo County, in the State of New Mexico.

7. Dora Moya is the Personal Representative of Ernest Moya's estate. *Appointment of Personal Representative attached as Exhibit 3.*

8. Plaintiff Dora Moya is, and at all times relevant hereto was, a resident of Bernalillo County, in the State of New Mexico.

9. Upon information and belief, Defendant First Choice Community Healthcare, Inc. ("First Choice Community Health") is a New Mexico corporation operating within the state of New Mexico, with its place of business located at 2001 N. Centro Familiar Boulevard SW, Albuquerque, New Mexico 87105.

10. Upon information and belief, Defendant Dr. Letitia Clifford is a resident of Bernalillo County.

11. Upon information and belief, Defendant Dr. Letitia Clifford was employed as a dentist at First Choice Community Health at all relevant times herein.

12. Upon information and belief, Defendant Robert DeFelice is a resident of Bernalillo County.

13. Upon information and belief, Defendant Robert DeFelice was the acting Administrator at First Choice Community Health at all relevant times herein.

14. This case arises from dental care provided to Ernest Moya at a federally funded community health center. Under Section 330 of the Public Health Service Act (the "PHSA"), codified at 42 U.S.C. § 254b, the federal government provides grant funding to community health centers.

15. At all times relevant to this Complaint, First Choice Community Health held themselves out to the Plaintiff and eligible community members, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

16. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the

Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

17. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

18. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the state of New Mexico.

19. Plaintiffs request a trial by jury on all claims setout herein.

## FACTUAL ALLEGATIONS

20. In 2011, Ernest Moya was an active 76 year old man, married to his wife Dora for fifty-seven (57) years and had eight (8) grown children, and twenty-two (22) grandchildren.

21. Mr. Moya was proactive about maintaining his health and caring for his teeth.

22. Mr. Moya consistently followed his dentist's recommendations and went in for annual examinations throughout his lifetime.

23. On or about August 8, 2011, Mr. Moya accompanied by his wife Dora went into First Choice Community Health for his annual dental examination and was treated by Dr. Letitia Clifford.

24. Upon information and belief, Dr. Clifford performed an oral cancer examination and observed a lesion, mass or other indicative symptom of oral cancer or oral pre-cancer.

25. Upon information and belief, Dr. Clifford did not disclose to Mr. Moya that she observed a lesion, mass or other indicative symptom of oral cancer or oral pre-cancer, in violation of the standard of care in the industry.

26. Upon information and belief, Dr. Clifford did not refer Mr. Moya to an oral surgeon or oncologist for further inspection and biopsy of the potentially cancerous lesion or mass, in violation of the standard of care in the industry.

27. Upon information and belief, Dr. Clifford did not advise Mr. Moya to come in for exams more frequently in order to closely monitor the potentially cancerous lesion or mass, in violation of the standard of care in the industry.

28. In May of 2012 Mr. Moya began experiencing pain and bleeding in the back lower left side of his mouth.

29. On or about July 31, 2012, Mr. Moya was seen by another Dentist at First Choice Community Health and a massive 4x4 centimeter ulcer in Moya's mouth on the back lower left side was identified and he was referred to an Oral Surgeon.

30. On or about July 31, 2012, an Oral Surgeon performed a biopsy on the ulcer and confirmed the suspected carcinoma.

31. On or about September 5, 2012, Mr. Moya was confirmed to have late stage III squamous cell cancer of the left buccal mucosa and chemotherapy and radiation schedule was established.

32. On or about September 7, 2012, Mr. Moya had five molars extracted in order to accommodate the radiation treatment.

33. On or about September 10, 2012, Mr. Moya began chemotherapy and radiation treatment.

34.   On or about November 27, 2012, Mr. Moya was hospitalized for approximately 30 days and had a feeding tube installed because he was unable to eat due to the radiation burns in his esophagus.

35.   By December 25, 2012, Mr. Moya had lost all the muscle in his body and was unable to walk without assistance.

36.   On February 14, 2013, Mr. Moya was hospitalized for two days due to complications with the cancer treatment.

37.   On March 27, 2013, Mr. Moya was placed under hospice care.

38.   On June 16, 2013, Father's Day, Mr. Moya died from the squamous cell carcinoma of the left buccal mucosa. *Death Certificate attached as Exhibit 4.*

39.   Upon information and belief, Mr. Moya's squamous cell cancer of the buccal mucosa should have been diagnosed in August or September, 2011.

40.   Upon information and belief, if Mr. Moya had been diagnosed in August or September, 2011 he would have had early stage I cancer that would have been surgically resectable.

41.   Upon information and belief, as a result of the year long delay without treatment, Mr. Moya's cancer of the buccal mucosa continued to grow to late stage III cancer.

42.   Upon information and belief, the year long delay in diagnosis of Mr. Moya's cancer resulted in a significant loss of chance at life within reasonable medical certainty.

43.   Upon information and belief, First Choice Community Health knew, or should have known, that Dr. Clifford posed a foreseeable danger to patients she treated due to her

history of committing professional malpractice and negligence in treating patients prior to August, 2011.

44. Upon information and belief, Dr. Clifford and/or First Choice Community Health failed to disclose Dr. Clifford's prior acts of malpractice and negligence to the State of New Mexico Board of Dentistry or the public, including Mr. Moya.

**COUNT I – NEGLIGENCE**

45. Plaintiff hereby incorporates all foregoing allegations as if set forth herein.

46. Defendants, their agents, agencies, and employees breached their duty of care and were negligent in failing to establish appropriate protocols in the management and assessment of patients presenting with suspected oral cancer.

47. Defendants, their agents, agencies, and employees breached their duty of care and failed to identify and diagnose Mr. Moya's cancer.

48. Defendants, their agents, agencies, and employees breached their duty of care and failed to recognize the signs and symptoms of cancer in Mr. Moya.

49. Defendants, their agents, agencies, and employees breached their duty of care and failed to recommend follow up care to Mr. Moya.

50. Defendants failed to meet the proper standard of medical care in the evaluation and treatment of Mr. Moya.

51. Defendants' acts or omissions proximately caused Mr. Moya's loss of chance of life, pain, suffering, and ultimate death and extreme emotional distress and other damage to Mrs. Moya.

52. Defendants' acts or omissions caused the damages suffered by Mr. and Mrs. Moya.

**COUNT II – MEDICAL MALPRACTICE**

53. Plaintiff hereby incorporates all foregoing allegations as if set forth herein.

54. Defendants, their agents, agencies, and employees breached their duty of care and were negligent in failing to establish appropriate protocols in the management and assessment of patients presenting with suspected oral cancer.

55. Defendants, their agents, agencies, and employees breached their duty of care and failed to identify and diagnose Mr. Moya's cancer.

56. Defendants, their agents, agencies, and employees breached their duty of care and failed to recognize the signs and symptoms of cancer in Mr. Moya.

57. Defendants, their agents, agencies, and employees breached their duty of care and failed to recommend follow up care to Mr. Moya.

58. Defendants failed to meet the proper standard of medical care in the evaluation and treatment of Mr. Moya.

59. Defendants' acts or omissions proximately caused Mr. Moya's loss of chance of life, pain, suffering, and ultimate death and extreme emotional distress and other damage to Mrs. Moya.

60. Defendants' acts or omissions caused the damages suffered by Mr. and Mrs. Moya.

**COUNT III – WRONGFUL DEATH**

61. Plaintiff hereby incorporates all foregoing allegations as if set forth herein.

62. Defendants, their agents, agencies, and employees breached their duty of care and were negligent in failing to establish appropriate protocols in the management and assessment of patients presenting with suspected oral cancer.

63. Defendants, their agents, agencies, and employees breached their duty of care and failed to identify and diagnose Mr. Moya's cancer.

64. Defendants, their agents, agencies, and employees breached their duty of care and failed to recognize the signs and symptoms of cancer in Mr. Moya.

65. Defendants, their agents, agencies, and employees breached their duty of care and failed to recommend follow up care to Mr. Moya.

66. Defendants failed to meet the proper standard of medical care in the evaluation and treatment of Mr. Moya.

67. Defendants' acts or omissions proximately caused Mr. Moya's loss of chance of life, pain, suffering, and ultimate death and extreme emotional distress and other damage to Mrs. Moya.

68. Defendants' acts or omissions caused the damages suffered by Mr. and Mrs. Moya.

## COUNT IV – NEGLIGENT HIRING, SUPERVISION, AND RETENTION

69. Plaintiff hereby incorporates all foregoing allegations as if set forth herein.

70. Upon information and belief, the First Choice Community Healthcare had information and reason to believe that Dr. Clifford was unwilling or unable to apply the proper standards of medical care to patients.

71.  First Choice Community Healthcare knew or should have known that its hiring, supervision, and retention of Dr. Clifford created an unreasonable risk of harm to patients.

72.  It was foreseeable that Dr. Clifford's acts or omissions would result in harm to patients.

73.  Defendants' acts or omissions proximately caused Mr. Moya's loss of chance of life, pain, suffering, and ultimate death and extreme emotional distress and other damage to Mrs. Moya.

74.  First Choice Community Healthcare's acts or omissions caused the damages suffered by Mr. and Mrs. Moya.

## COUNT V – LOSS OF CONSORTIUM AND HOUSEHOLD SERVICES

75.  Plaintiff hereby incorporates all foregoing allegations as if set forth herein.

76.  The acts or omissions of Defendants proximately caused the physical injury and ultimate death of Mr. Moya.

77.  As a result of the acts or omissions of Defendants, Plaintiff lost the company of her husband, Mr. Moya.

78.  As a result of the acts or omissions of Defendants, Plaintiff lost the benefit of the household services provided by her husband, Mr. Moya.

79.  Plaintiff suffered emotional distress because of the physical injury and death of her husband, Mr. Moya.

80. Defendants' acts or omissions proximately caused Mr. Moya's loss of chance of life, pain, suffering, and ultimate death and extreme emotional distress and other damage to Mrs. Moya.

81. Defendants' acts or omissions caused the damages suffered by Mr. and Mrs. Moya.

**COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

82. Plaintiff hereby incorporates all foregoing allegations as if set forth herein.

83. In failing to properly treat and diagnose Mr. Moya, Defendants exhibited extreme and outrageous behavior.

84. Defendants' acts or omissions recklessly caused severe emotional distress to Mr. and Mrs. Moya.

85. Defendants' acts or omissions proximately caused Mr. Moya's loss of chance of life, pain, suffering, and ultimate death and extreme emotional distress and other damage to Mrs. Moya.

86. Defendants' acts or omissions caused the damages suffered by Mr. and Mrs. Moya.

WHEREFORE, Dora Moya, individually and as the Personal Representative of the Estate of Ernest Moya, requests monetary damages against Defendants in an amount to be determined at trial for loss of chance of life for Mr. Moya; medical expenses; funeral expenses; loss of earnings; emotional distress; pain and suffering; loss of household services; loss of consortium; punitive damages; pre- and post-judgment interest; costs; attorneys' fees; and such further relief as the Court deems just and proper.

TUCKER, BURNS, YODER & HATFIELD

/s/ Mitchel S. Burns
MITCHEL S. BURNS
Attorney for Plaintiff
105 N. Orchard Avenue
Farmington, NM 87401
(505) 325-7755

FINCH & OLSON, P.A.

/s/ Jennifer Olson
JENNIFER OLSON
110 E. Arrington
Farmington, NM 87401
(505) 327-5538
Attorney for Plaintiff

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleadings was sent by First Class Mail to the following:

Claims Office 330 C Street SW
Switzer Building Suite 2600
Washington, DC 20201
Office of General Counsel
General Law Division
Claims & Employment Law
**ATTN: Daniel F. Mendoza**

First Choice Community Healthcare
2001 N. Centro Familiar SW
Albuquerque, NM 87105

Dr. Letitia Clifford
c/o Wallin,Huss, & Mendez, LLC
ATTN: Lexi Wilson
925 Luna Circle NW
Albuquerque, NM 87102

Robert DeFelice
2001 N. Centro Familiar SW
Albuquerque, NM 87105

On November 20, 2014.

By  /s/ Mitchel S. Burns

By /s/ Jennifer Olson

# VERIFICATION

STATE OF NEW MEXICO )
) ss.
COUNTY OF SAN JUAN )

Dora Moya, being first duly sworn upon oath, deposes and states: That she is the Plaintiff herein; that she has read, knows and understands the contents of the foregoing pleading; that, to the best of her information and belief, all statements contained therein are true and correct.

Dora Moya

SUBSCRIBED and SWORN to before me by Plaintiff, Dora Moya, this 18th day of November, 2014, in Farmington, San Juan County, New Mexico.

NOTARY PUBLIC

My commission expires:
August 19, 2017

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

1. Submit to Appropriate Federal Agency:

First Choice Community Healthcare
2001 N. Centro Familiar Blvd. SW
Albuquerque, NM 87105

2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

Claimant: Ernest Moya (deceased)
P.R.: Dora Moya
Attorney: Mitchel S. Burns
105 N. Orchard Ave
Farmington, NM 87401

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | 7/8/1935 | | June 16, 2013 | |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Dr. Leticia Clifford, an employee of First Choice Community H.C./Dental in Albuquerque, New Mexico, failed to inform Ernest Moya (deceased) of preliminary signs of oral cancer discovered in an oral cancer exam performed on August 8, 2011. As a result thereof the cancer went undiagnosed and untreated until July 31, 2012. Mr. Moya died from the oral cancer on June 16, 2013.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Ernest Moya (deceased) suffered personal injury and wrongful death as a result of Dr. Leticia Clifford's failure to inform him of the findings from a preventative oral cancer examination, which resulted in loss of chance and loss of life.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | $20,000,000.00 | $20,000,000.00 | $40,000,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature], Attorney | 505-325-7755 | 2/11/14 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

EXHIBIT 1

PENGAD 800-631-6989

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

***(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 691-2369
Fax: (202) 691-2035

MAY 22 2014

**U. S. CERTIFIED MAIL–RETURN RECEIPT REQUESTED**
(Article No. 7009 1680 0001 6717 4931)

Mitchel S. Burns, Esq.
Tucker, Burns, Yoder & Hatfield
105 North Orchard Avenue
Farmington, New Mexico 87401

**Re: Administrative Tort Claim of Dora Moya as Personal Representative the Estate of Ernest Moya, Deceased, Claim No. 2014-0092**

Dear Mr. Burns:

On November 22, 2013, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, on behalf of your client, Dora Moya, as Personal Representative of the Estate of Ernest Moya, deceased, for personal injury and wrongful death, alleging, *inter alia*, that, on August 8, 2011, Dr. Letitia Clifford and First Choice Community Healthcare, Inc., located in Albuquerque, New Mexico, committed dental malpractice by failing to detect oral cancer during his dental examination and to refer him to a specialist, resulting in him developing advanced squamous cell carcinoma of the left buccal mucosa and dying on June 16, 2013.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury or death caused by the negligent, wrongful act or omission of any employee of the federal government, while acting within the scope of employment. Under the FTCA , said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of this administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claim of Dora Moya, as Personal Representative of the Estate of Ernest Moya, deceased, is denied. The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

If your client is dissatisfied with this determination, she may:

1. file a written request with the Agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

2. file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client request reconsideration, the Agency will review the claim within six (6) months from the date the request is received. If the reconsidered administrative tort claim is denied, your client may file suit within six (6) months from the date of mailing of the final determination.

Sincerely yours,

William A. Biglow / KAH

William A. Biglow
Acting Deputy Associate General Counsel
Claims and Employment Law Branch

ENDORSED
FILED IN MY OFFICE THIS

DEC 0 4 2013
MAGGIE TOULOUSE OLIVER
COUNTY CLERK

4B-106

STATE OF NEW MEXICO
IN THE PROBATE COURT
Bernalillo COUNTY

IN THE MATTER OF THE ESTATE OF
Ernest Moya, DECEASED.

No. 2013-780

**LETTERS OF ADMINISTRATION**
**(NO WILL)[1]**

TO WHOM IT MAY CONCERN:

Notice is now given that Dora C. Moya *(name of personal representative)*, has been appointed to serve as the personal representative of the estate of Ernest Moya, and has qualified as the decedent's personal representative by filing with the court a statement of acceptance of the duties of that office.

The personal representative has all of the powers and authorities provided by law and specifically, by Section 45-3-715 NMSA 1978.

Issued this ____ day of DEC 0 4 2013.

MAGGIE TOULOUSE OLIVER
Clerk of the Probate Court

*(Seal)*

By: [signature]
Deputy Clerk

**USE NOTE**

1. *See* Section 45-3-103 NMSA 1978 and Section 45-3-601 NMSA 1978 for issuance of letters.

[Approved, effective September 15, 2000.]

EXHIBIT
3
PENGAD 800-631-6989

STATE OF NEW MEXICO

# CERTIFICATE OF DEATH

New Mexico Vital Records and Health Statistics
State of New Mexico
United States of America

No. 3277748

This document is not authentic unless reproduced on safety paper displaying the Raised Seal of New Mexico • The back of this document contains a watermark • Hold up to light to view.

**DECEDENT'S LEGAL NAME:** <<<Ernest Moya>>>

**IF FEMALE, MAIDEN NAME:** <<<>>>

**DATE OF DEATH:** June 16, 2013

**TIME OF DEATH:** 02:00 AM ☐ PM ☒

**SEX:** Male

**SOCIAL SECURITY NUMBER:** 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

**MARITAL STATUS:** Married

**SURVIVING SPOUSE - If wife, maiden name:** <<<Dora Garcia>>>

**DATE OF BIRTH:** July 08, 1935

**BIRTH PLACE:** New Mexico

**SERVED IN U.S. ARMED FORCES:** Yes ☐ No ☒

**DECEDENT'S RACE:** White

**TRIBE:** <<<>>>

**HISPANIC:** Yes ☒ No ☐

**DECEDENT'S RESIDENCE COUNTY:** Bernalillo

**DECEDENT'S RESIDENCE STATE:** New Mexico

**MOTHER'S FULL MAIDEN NAME:** <<<Matilda Chavez>>>

**FATHER'S FULL NAME:** <<<Severo Moya>>>

**METHOD OF DISPOSITION:** ☒ Burial ☐ Donation ☐ Removal from State ☐ Cremation ☐ Entombment ☐ Other (Specify): <<<>>>

**DISPOSITION LOCATION:** Mount Calvary

**FUNERAL SERVICE FACILITY:** Direct Funeral Services

**COUNTY OF DEATH:** Bernalillo

**PLACE OF DEATH:** 2116 Foothills Drive SW

**TYPE OF PLACE:** Decedent's Residence

**NAME OF PERSON CERTIFYING CAUSE OF DEATH:** <<Willow Durand>>

**MANNER OF DEATH:** ☒ Natural ☐ Accident ☐ Homicide ☐ Suicide ☐ Undetermined ☐ Pending Investigation

**CAUSE OF DEATH**

*PART I. Events such as diseases, injuries, or complications that directly caused the death.*

a. Squamous cell carcinoma of left buccal mucosa

b. <<<>>>

c. <<<>>>

d. <<<>>>

*PART II. Other significant conditions contributing to death.*

<<<>>>

**File Number:** 2013-007296

**File Date:** June 24, 2013

**Order Number:** 20130609683

Renee Valen[illegible] ...istrar

...ITAL RECORD
...ion of all or part of the document
... the New Mexico Bureau of
...s. Department of Health.

EXHIBIT 4

PENGAD 800-631-6989

WARNING: IT IS ILLEGAL TO ALTER, COPY OR COUNTERFEIT THIS CERTIFICATE.
ADVERTENCIA: ES ILEGAL ATERAR, COPIAR O FALSIIFICAR ESTE CERTIFICADO.

DATE ISSUED Jun-26-2013